(No. 4010—

FRED W. BANE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 5, 1947.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General, C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

DAMRON, J.

This is a claim for benefits under the Workmen's Compensation Act.

The record consists of the complaint, filed on February 27, 1947; Exhibits 1; 2, and 3; Departmental report; Stipulation; Waivers of both claimant and respondent to file brief, statement and argument.

The stipulation provides that the departmental report and the report of Dr. G. W. Staben attached thereto, shall constitute the record in this case.

The departmental report, filed May 7, 1947, signed by Secretary of State, Edward J. Barrett, is as follows:

"Fred W. Bane resides at 1409 North 9th Street, Springfield, Illinois. The place of accident was the Engine Room of the State Power Plant directly north of the State Capitol Building. Mr. Fred W. Bane was working on No. 3 engine in the engine room of the power plant about 9:30 a. m. on the morning of September 30, 1946. He, along with four other employees was engaged in repairing and tightening the piston on stem inside the cylinder of the engine. The piston of No. 3 engine came loose on piston rod which then required removal of cylinder head. In order to reset piston it is necessary to turn engine over by hand power to get dead centers on both ends to get proper setting. The large fly wheel is revolved by means of rachet with a long lever for power has a, dog which engages in sockets on fly wheel. This is the way the fly wheel is revolved. The dog failed to catch in socket at one point of operation. Mr. Bane reached down to place dog in socket at this point. His thumb was caught between the dog and socket, causing it to be crushed before it could be released.

The Department of Public Health was called and they immediately sent a doctor to the Power Plant, who gave first aid treatment and advised that Mr. Bane be sent to the hospital. Mr. Johnson, Chief Operator of the Power Plant took him to the hospital, where Dr. Staben was called and an X-Ray was taken and the finger was found to be crushed, the bone being chipped. Dr. Staben set the finger, putting it in a splint and released Mr. Bane from the hospital, advising him to come to his office for further treatment, which covered a period of about three months. When Dr. Staben released Mr. Bane the thumb was still very painful and is still giving him pain. At the time the doctor released Mr. Bane he advised him that this thumb would always be partially disabled due to the fact that the second joint of the thumb is stiff. Mr. Bane has no feeling in his thumb.

Mr. Bane received his salary only during his period of disability which was very short. Mr. Bane is claiming a doctor bill of $26.50 and hospital bill of $9.50 making a total of $36.00 for care of thumb. In addition he is claiming 25% permanent disability to the thumb, as advised by his doctor for the reason that it hinders him in the performance of certain work.

"Due to the fact that Mr. Bane was hurt at the power plant, the office was notified immediately, Mr. Johnson, Chief Operator, being at the scene of the accident. Mr. Johnson reported this immediately to Peter F. Rossiter, Superintendent of Buildings on September 30, 1946. Our records show Mr. Bane was 59 years of age at the time of injury."

Exhibit 1 introduced in this record is a bill for services rendered claimant by Dr. Staben amounting to $26.50; Exhibit 2 is a bill of St. Johns Hospital for services rendered to claimant amounting to $9.50.

The report of Dr. G. W. Staben, referred to in the stipulation and marked "Exhibit 3" is as follows:

"Mr. Fred Bane has been under my care from Sept. 30, 1946 to December 11, 1946 due to an injury to his right thumb. He has approximately 25% permanent disability in right thumb due to loss of motion in the distal joint of the thumb."

From this record we find that no jurisdictional questions are involved and the only question to be determined is the nature and extent of claimant's injury. Dr. Staben, the treating physician estimates claimant sustained 25% functional loss of use of his right thumb and that it is permanent. We accept this as a basis of the award.

Claimant's annual earnings for the year preceding the injury were $3,850.00, his compensation rate therefore is $18.00. Claimant is entitled to the sum of $315.00 representing 25% permanent loss of his right thumb; the sum of $36.00 expended by him for medical and hospital services making a total of $351.00.

An award is therefore hereby entered in favor of Fred W. Bane in the sum of Three Hundred Fifty-One ($351.00) Dollars all of which has accrued and is payable forthwith in a lump sum.

This award is subject to the approval of the Governor as provided in Section 3 of, "An Act concerning the payment of compensation awards to State employees."